Colgate *v.* Buckingham.

[NEW YORK GENERAL TERM, February 2, 1863. *Sutherland, Ingraham* and *Clerke,* Justices.]

---

## COLGATE *vs.* BUCKINGHAM.

A promissory note given to a mutual insurance company organized under the general law of 1849, for shares of its capital stock, and in terms payable in such portions and at such time or times as the directors of the company may require, and showing on its face that it was given for capital stock of the company, is, in legal effect, payable on demand, i. e. at its date.

The statute of limitations begins to run against such a note at the time it is given, and at the expiration of six years from that time, will constitute a good defense.

THIS was an action on a note made by the defendant, and given to the Granite Insurance Company, the defendant receiving the scrip of that company for it. The note is dated February 14, 1853, and this action was commenced May 13, 1859. The complaint alleges that " on or about November 1, 1855, the amount of the note was required by the company of the defendant, according to its terms, and the note was afterwards transferred and indorsed by the company to the firm of Beebee & Co. for a valuable consideration. The firm of Beebee & Co. failing, the note came into the hands of the plaintiff as their general assignee, who brings this action. The defendant admitted, either in his answer or upon trial, the following facts, viz : *First.* The assignment, as alleged, from Beebee & Co. to the plaintiff, and that the title to the note passed by it. *Second.* That he made the note and delivered it to the Granite Insurance Company, on the day of its date. *Third.* That the consideration of the note was the scrip of the company,

issued to and received by the defendant, and it was admitted by the plaintiff that this scrip was the only consideration. The answer then sets up, in substance, that there was no such corporation as the Granite Insurance Company, and alleges various irregularities and omissions in its organization, by reason of which, it is alleged, the corporation never had any legal existence. These are specifically stated in the answer. The answer further avers fraud on the part of the company, in pretending they were a corporation, when, in reality, they were not, and that they had no power or right to issue any such scrip as formed the sole consideration of the note, and that it was wholly worthless and void. The answer sets up various other matters by way of defense, which it is here unnecessary to state, except that it alleges that a recovery is barred by the statute of limitations.

The defenses held valid by the referee were those alleging that there was no resolution authorizing the transfer by the president of the company to the firm of Beebee and Co. and that the recovery sought was barred by the statute of limitations. The other issues were disposed of in favor of the appellant. Judgment was rendered for the defendant upon these grounds *only*, and exceptions were filed to the findings and conclusions of the referee in relation to these points only. The plaintiff appealed.

*George R. Thompson,* for the appellant.

*William Tracy,* for the respondent.

*By the Court,* SUTHERLAND, P. J. The judgment in this case must be affirmed, on the ground that the statute of limitations, set up in the answer as a defense to the note on which the action was brought, was a bar to the action.

It has recently been decided by the court of appeals, (*Howland, receiver, &c.* v. *Edmonds et al.* 24 *N. Y. Rep.* 307,) that a note given to a mutual insurance company, organized

Colgate *v.* Buckingham.

under the general law of 1849 (*ch.* 308 *of* 1849) as one of the notes required by the statute to make up its capital, was in legal effect payable on demand, that is, at its date; though by its terms it was payable at such times, and in such portions, as the directors might require.   The note in the principal case was given by the defendant to the Granite Insurance Company, (a corporation organized under the general law of 1849,) for five shares of its capital stock, and in terms is payable " in such portions and at such time or times as the directors of said company may require."   The note in *Howland* v. *Edwards* was in terms payable " in such portions and at such time or times as the directors of said company may, *agreeably to their act of incorporation,* require."   There is really no material difference between the notes in respect to the times at which they are payable.   In the one note, reference to the act of incorporation is made in words; in the other it is implied, or tacitly made; for the words " in such portions, and at such time or times as the directors of said company may require," mean or imply, may require, *agreeably or according to their act of incorporation.*   Besides, the note in the principal case has on its face the words, " Subscription note for five · shares," and in the margin the words and figures, " Capital stock $200,000."   ·The note therefore showed on its face that it was given for capital stock of the company.

On the authority of the decision in *Howland* v. *Edmonds,* the judgment below must be affirmed with costs.

[NEW YORK GENERAL TERM, February 2, 1863.  *Sutherland, Ingraham* and *Clerke,* Justices.]